DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas. Appellant was found guilty of one count of aggravated trafficking in cocaine in violation of R.C. 2925.03(C)(4)(f), and one count of trafficking in a counterfeit controlled substance in violation of R.C. 2925.37(B). Appellant was sentenced to concurrent terms of incarceration of five years and one year. We note for clarity that appellant is not appealing his conviction for trafficking in a counterfeit controlled substance. For the reasons set forth below, this court reverses and remands for resentencing appellant's trafficking in cocaine conviction.
 {¶ 2} Appellant, Lacone Scott, sets forth the following three assignments of error:
 {¶ 3} "I. The evidence was not sufficient to support appellant's conviction for aggravated trafficking.
 {¶ 4} "II. Appellant's conviction for aggravated trafficking is against the manifest weight of the evidence.
 {¶ 5} "III. It constituted error to sentence appellant under an unconstitutional statute."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On July 21, 2004, appellant traveled to Bowling Green, Ohio, for the express purpose of offering to sell two ounces of crack cocaine. Appellant engaged in counterfeit drug sales in order to support his own drug addiction. Appellant would sell simulated crack cocaine to unsophisticated buyers who erroneously believed they were purchasing crack cocaine.
 {¶ 7} On July 21, 2004, appellant offered to sell two ounces of crack cocaine for $1,700 to a buyer whom, unbeknownst to appellant, was an undercover narcotics agent. Appellant and the sham buyer arranged to meet at a gas station near Findlay, Ohio. The undercover narcotics agent was performing a sting operation in the course of his employment with the Ohio Bureau of Criminal Investigations.
 {¶ 8} Appellant was arrested after offering to sell two ounces of crack cocaine to the undercover narcotics agent. Appellant does not dispute that he offered to sell crack cocaine. Appellant does not dispute that the actual substance he was prepared to sell was a modified over-the-counter Midol counterfeit concoction.
 {¶ 9} On May 5, 2005, appellant was indicted on one count of aggravated trafficking in cocaine in violation of R.C. 2925.03(C)(4)(f) and one count of trafficking in a counterfeit controlled substance in violation of R.C. 2925.37(B). A jury trial was conducted on October 4, 2005. Appellant was convicted on both counts. Appellant limits his appeal to his conviction of aggravated trafficking in cocaine.
 {¶ 10} In his first assignment of error, appellant contends the evidence was insufficient to support his trafficking in cocaine conviction. In his interrelated second assignment of error, appellant claims the jury verdict finding him guilty of trafficking in cocaine was against the manifest weight of the evidence. Appellant's first and second assignments of error similarly involve weight and sufficiency of the evidence in this case. Thus, for expediency, we will consider them simultaneously.
 {¶ 11} A criminal conviction may be overturned on appeal if it is against the manifest weight of the evidence or because there is insufficient evidence. When examining whether a conviction is against the manifest weight of the evidence, the appellate court serves as a "thirteenth juror" to conclude whether the trial court lost its way so significantly as to create a manifest miscarriage of justice necessitating that the conviction be overturned. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387.
 {¶ 12} In reaching this decision, we must review and consider the record, weigh the evidence, reasonable inferences, and consider witness credibility. Id. The trial court directly observes and is presented with the witnesses and the evidence. Because the trial court's role enables it to directly assess witnesses and evidence in reaching its conclusion, we grant substantial deference to trial court determinations. State v.Mickles, 6th Dist. No. L-05-1206, 2006-Ohio-3803, ¶ 46.
 {¶ 13} In conjunction with manifest weight analysis, we must simultaneously consider the sufficiency of the evidence presented to the trial court. We must conclude whether the evidence submitted was legally sufficient to establish the elements of the charged offense.Thompkins, 78 Ohio St.3d 386-387. We must ascertain whether the evidence presented, if believed, would satisfy an average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 14} In our application of the above review standards and principles to the present case, we note that the factual scenario of this case is unconventional in comparison with standard sufficiency and manifest weight arguments. In support of his first two assignments, appellant does not deny that he offered to sell crack cocaine. That act is, in and of itself, criminal. Rather, appellant asserts in support of these assignments that his conviction of trafficking in cocaine cannot stand because the actual substance appellant intended to sell was not crack cocaine. The compound appellant falsely represented to be crack cocaine was, ironically, a Midol-based concoction prepared by appellant in order to simulate the appearance of crack cocaine.
 {¶ 15} In order for us to determine the propriety of appellant's first two assignments, we must determine whether we are persuaded by appellant's position that the counterfeit composition of the substance necessarily undermines the validity of appellant's trafficking conviction.
 {¶ 16} In this case, appellant's disputed conviction and sentencing was done pursuant to an enhanced penalty section set forth in R.C.2925.03(C)(4)(f). That statute provides "if the amount of the drug involved equals or exceeds 500 grams but is not less than 1,000 grams of cocaine that is not crack cocaine or equals or exceeds 25 grams but is less than 100 grams of crack cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree." Thus, appellant was convicted under an aggravated portion of the trafficking statute, rendering the conviction a first degree felony. It is undisputed that appellant offered to sell an undercover narcotics agent two ounces of crack cocaine. In actuality, the substance was over-the-counter Midol which appellant modified to mimic the appearance of crack cocaine.
 {¶ 17} The Supreme Court of Ohio recently considered a case in which the critical underlying facts were analogous to the case at hand. InState v. Chandler (2006), 109 Ohio St.3d 223, the appellant was challenging his crack cocaine trafficking conviction based upon the fact that the substance he was actually offering to sell was baking soda. InChandler, the Supreme Court of Ohio determined that because the substance offered as crack cocaine did not actually contain any detectable amount of the drug, it was not proper to convict and sentence pursuant to the penalty enhancement provision of R.C. 2925.03(C)(4)(g). The court ruled that the impropriety stemmed from the fact that the enhanced provision dictates that specified amounts of the named drug be involved. This portion of the statute becomes inapplicable in instances of counterfeit drugs.
 {¶ 18} The analysis relied upon and cited by the Supreme Court of Ohio in Chandler connected to R.C. 2925.03(C)(4)(g) is analogous to the disputed conviction at issue in this case connected to R.C.2925.03(C)(4)(f). In Chandler, the Supreme Court concluded that appellant's underlying conviction for trafficking in a controlled substance in violation of R.C. 2925.03(A)(1) could properly stand given that the appellant did offer to sell the prohibited controlled substance.
 {¶ 19} The general trafficking in a controlled conviction does not require the actual transfer of the prohibited substance to the buyer. The Supreme Court of Ohio determined that although the enhanced sentencing of the appellant applying the aggravated-level penalty provisions must be reversed given the counterfeit nature of the actual substance, the underlying conviction is not invalidated. This result is dictated by the Ohio Supreme Court holding in State v. Patterson (1982),69 Ohio St.2d 445, which found one can be properly convicted of aggravated trafficking without actually transferring a controlled substance to the buyer.
 {¶ 20} We find the above discussed case law analogous to and determinative of the outcome in this case. It is undisputed that appellant offered to sell crack cocaine. Appellant violated R.C.2925.03(A). Appellant committed a fifth degree felony of trafficking in cocaine.
 {¶ 21} Because the substance offered for sale proved to be counterfeit, we must reverse appellant's sentence for commission of a first degree felony pursuant to R.C. 2925.03(C)(4)(f) and remand to the trial court so that appellant may be resentenced for commission of a fifth degree felony pursuant to R.C. 2925.03(C)(4)(a). We find appellant's first assignment of error not well-taken and second assignment of error well-taken.
 {¶ 22} In his third assignment of error, appellant asserts this case must be remanded for resentencing as the judge made findings pursuant to R.C. 2929.14(B) and R.C. 2929.14(D)(2)(a), statutes now deemed unconstitutional by State v. Foster (2006), 109 Ohio St.3d 1. Given our holding in response to the first two assignments of error, we find appellant's third assignment of error moot.
 {¶ 23} The judgment of the Wood County Court of Common Pleas is reversed and remanded for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., JUDGE William J. Skow, J., Thomas J. Osowik, J., CONCUR.